IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tyrone Shumpert, #292828, | ) | Case No. 2:16-cv-1531-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Willie Eagleton, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Tyrone Shumpert ("Petitioner") is a state prisoner incarcerated at Evans Correctional Institution in South Carolina. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is proceeding *pro se* and *in forma pauperis*. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening. Having reviewed the petition and applicable law, the Magistrate Judge recommends that this unauthorized successive § 2254 petition should be **summarily dismissed**, without prejudice to the Petitioner's ability to seek permission from the Fourth Circuit Court of Appeals to file a successive petition, for the following reasons:

**I. *Pro Se* Habeas Review**

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed the petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Courts liberally construe *pro se* claims to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. <u>Background</u>

The Petitioner's criminal case arose out of an armed robbery one evening in May 2002 in Laurens County, South Carolina, when a small group of individuals robbed two patrons of a local laundromat. In November of 2002, Petitioner was indicted for conspiracy to commit armed robbery, two counts of armed robbery, and possession of a firearm during the commission of a violent crime. On April 28, 2003, he received a jury trial, at which both victims and one of the robbery participants testified. The jury convicted him of conspiracy and two counts of armed robbery, but acquitted him on the weapons charge. Petitioner was sentenced to twenty-two (22) years for each robbery charge to run concurrently and five (5) years for the conspiracy charge.

On direct appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner also filed a *pro se* brief complaining of a *Batson* violation, prosecutorial misconduct, bolstering of witnesses, improper seating of a juror, and ineffective assistance of counsel. The South Carolina Court of Appeals dismissed the appeal in an unpublished opinion, *State v. Shumpert*, Op. No. 2005-UP-095 (S.C. Ct. App. filed Feb. 8, 2005). After rehearing, remittitur was issued on March 15, 2003. Petitioner did not seek certiorari in the South Carolina Supreme Court.

On May 24, 2005, Petitioner filed an application for state post-conviction relief ("PCR"), alleging ineffectiveness assistance of counsel because his counsel allegedly did not object to an alleged *Batson* violation and selection of an "all-white/elderly" jury, did not present an alibi defense, and did not object to a comment by the prosecutor alluding to the defense decision to not present a defense. The state court held an evidentiary hearing on January 18, 2006, with the petitioner personally present and represented by new counsel. The state court denied relief. Petitioner appealed to the South Carolina Supreme Court, which affirmed the judgement on May 12, 2008. *See Shumpert v. State*, 378 S.C. 62, 661 S.E.2d 369 (S.C. 2008). Remittitur was issued on May 29, 2008.

On September 17, 2008, Petitioner filed a federal petition for habeas corpus petition. Petitioner asserted four grounds for relief: 1) trial counsel did not move for an alleged *Batson* violation; 2) trial counsel did not present an alibi defense; 3) trial counsel did not object to the prosecutor's statement that "there's been absolutely nothing presented for you not to believe Derrick Mosely" (one of the witnesses for the prosecution); and 4) the state judge in the PCR proceeding did not allow an affidavit of a juror into the record. The District Court denied relief

and dismissed the habeas petition with prejudice on May 12, 2009. *See Shumpert v. Rushton*, Case No. 8:08-cv-03172-HFF-BHH, 2009 WL 1346149 (D.S.C. May 12, 2009).

On March 11, 2010, Petitioner filed a second application for state PCR, which was dismissed on January 22, 2015. The remittitur of the South Carolina Supreme Court was filed on April 14, 2016.[1]

On or about May 9, 2016 (approximately seven years after his first federal habeas petition was dismissed), Petitioner filed the present (second) federal petition for writ of habeas corpus. (DE# 1). In his own words, Petitioner alleges that: 1) the "PCR judge erred by failing to find Derek Mosely's admissions that Petitioner was not present at the scene of crime constituted new evidence warranting a new trial;" 2) the "PCR judge erred by failing to find Derek Mosely's testimony that he was incapacitated constituted newly discovered evidence warranting new trial;" and 3) "the falseness of the state's witness Derek Mosley's 2002 statements and 2003 trial testimony was coerced, constituting new evidence." (*Id*.). Petitioner asks for a "new trial, reversal, or vacate sentence." (*Id*. at 15).

### III.  Discussion

This Court must screen this § 2254 petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Review of the record reflects that this is Petitioner's second § 2254 petition regarding the same conviction and sentence. This Court may properly take judicial notice of public records, including the Court's own docket. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and

---

[1]See http://publicindex.sccourts.org/Laurens/PublicIndex/Case (site lasted visited May 16, 2016).

records"). Petitioner does not indicate, and the record does not reflect, that he has obtained permission from the Fourth Circuit Court of Appeals to file a second or successive petition for habeas corpus.

For a second petition to be "successive," the dismissal of the first habeas petition must have been "on the merits," rather than for instance, a dismissal for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011). The record reflects that the Magistrate Judge issued a Report and Recommendation on the merits of Petitioner's claims, including Petitioner's allegations of ineffectiveness of counsel. This Court considered the merits of the Petitioner's first habeas petition at considerable length and dismissed the case with prejudice. *See Shumpert v. Rushton*, Case No. 8:08-cv-03172-HFF-BHH, 2009 WL 1346149 (D.S.C. May 12, 2009).

The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--":

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); see also 28 U.S.C. § 2244(b)(1) ("[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). The United States Supreme Court has explained that "before the district

court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

The AEDPA requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Rule 9 of Rules Governing Section 2254 and 2255 Cases also expressly provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Thus, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before this Court may consider this successive § 2254 petition. Petitioner does not indicate that he has obtained authorization from the Fourth Circuit Court of Appeals to file this successive petition.

Absent such authorization, a district court has no jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that the failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition) (citing § 2244(b)(3)(A)). In *Burton*, the United States Supreme Court explained:

> Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.; and see, e.g.*, *Smart v. Warden, Kershaw Correctional Institution*, Case No. 2:13-cv-2449-GRA-BHH, 2013 WL 6054475 (D.S.C. November 15, 2013) (dismissing § 2254 petition without

prejudice, because Petitioner had not obtained permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition); *Smart v. South Carolina Dept. of Probation, Parole and Pardon Servs.*, 2014 WL 3359327 (D.S.C. July 9, 2014) (dismissing unauthorized successive habeas petition), *appeal dism'd*, 585 F.App'x 48 (4th Cir. Oct. 22, 2014) (construing appeal as a request for authorization to file a successive § 2254 petition and denying authorization). Therefore, the present § 2254 petition is an unauthorized successive petition that must be dismissed.

## IV.  Certificate of Appealability ("COA")

A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a petitioner satisfies this standard by showing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When a district court denies relief on procedural grounds, the petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

Here, the record plainly shows that: 1) the Petitioner has previously filed a § 2254 petition that was considered and rejected on the merits, and 2) that the Petitioner has now filed an unauthorized successive petition without permission of the Fourth Circuit Court of Appeals. In light of the record, this procedural ruling is not "debatable." The Petitioner is not entitled to a certificate of appealability.

## V.  Recommendation

Accordingly, it is **RECOMMENDED** that this Petition be **dismissed**, without prejudice to Petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return. It is also **RECOMMENDED** that a certificate of appealability be **denied**.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 17, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **important notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).