IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrone Shumpert, ) | Civil Action No. 2:16-1531-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Willie Eagleton, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal without prejudice of Petitioner's unauthorized successive petition for habeas relief. The Court adopts the Report and Recommendation and dismisses the petition without prejudice as an unauthorized successive petition.

I. **Background**

In 2003, Petitioner was convicted of armed robbery and conspiracy in South Carolina state court and was sentenced to a term of twenty-two years for armed robbery and a term of five years for conspiracy. On September 17, 2008, Petitioner timely filed a petition for habeas relief from that conviction and sentence. The District Court denied relief and dismissed the petition with prejudice on May 12, 2009. *Shumpert v. Rushton*, Civ. No. 8:08-3172-HFF-BHH, 2009 WL 1346149 (D.S.C. May 12, 2009). On May 9, 2016, Petitioner filed the present petition for habeas relief from that same conviction and sentence. On May 18, 2016, the Magistrate Judge recommended summary dismissal of the present petition. (Dkt. No. 6.) Petitioner timely filed objections to the Report and Recommendation. (Dkt. No. 8.)

II.  **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

III. **Analysis**

The Court agrees with the Magistrate Judge that the present petition is an unauthorized successive petition. Indeed, in his objections, Petitioner admits that this is a successive petition. (Obj. 4.) There is no dispute that Petitioner has not obtained permission from the Fourth Circuit to file a successive petition. The Court therefore has no authority to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

In his objections, Petitioner asserts that he has filed this successive petition because of newly discovered evidence—a witness against Petitioner has purportedly recanted. (Obj. 4.) Petitioner argues that § 2244(b)(2)(B) therefore authorizes the Court to consider his petition. (*Id.*

4–6.) Section 2244(b)(2)(B) permits consideration of a successive habeas petition where "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Petitioner misapprehends that exception to 28 U.S.C. § 2244(b), the bar against successive habeas petitions, as an exception to 28 U.S.C. § 2244(3)(A), the requirement for leave from the United States Court of Appeals for Fourth Circuit. Permission from the Fourth Circuit is required for petitions falling within the § 2244(b)(2)(B) exception that Petitioner cites. Successive petitions not within that exception are simply barred. Thus, if Petitioner wishes to pursue the claims stated in his most recent habeas petition, he must first obtain authorization to file a successive petition pursuant to 28 U.S.C. § 2254 from the Fourth Circuit. Absent authorization from the Fourth Circuit, this Court lacks jurisdiction to consider a successive habeas petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 6) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the Petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 9, 2016
Charleston, South Carolina

-4-